UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOHN LOPEZ,

        Plaintiff,

-against-

HOLLISCO OWNERS' CORP., MIDBORO
MANAGEMENT, INC., and JENNIFER
SANTANIELLO, *Individually*,

        Defendants.
-------------------------------------------------------------X

Case No.: 14 Civ. 3738 (JBW)

DECLARATION IN FURTHER
SUPPORT OF DEFENDANT'S
CROSS-MOTION FOR
SUMMARY JUDGMENT
AND IN OPPOSITION
TO PLAINTIFF'S CROSS-
MOTION FOR SUMMARY
JUDGMENT

  EMIL A. SAMMAN, ESQ., declares, under penalty of perjury, that the following is true and correct:

  1. I am associated with the firm of Kagan Lubic Lepper Finkelstein & Gold, LLP, attorneys for the Defendant, Hollisco Owners' Corp. ("Defendant" or, alternatively, "Hollisco"). I am fully familiar with the facts set forth herein and in the accompanying Memorandum of Law based upon my handling of this matter on behalf of Defendant and my review of the file maintained by my office.

  2. This Declaration is submitted in further support of Defendant's cross-motion for summary judgment which should be granted in its entirety and in opposition to Plaintiff's cross-motion for summary judgment which should be denied in its entirety.

  3. As stated in Defendant's underlying memorandum of law, summary judgment is only appropriate in those limited instances where there is no genuine issue of material fact.

  4. After a review of Plaintiff's brief, it remains clear that there are no genuine issues as to any material fact and that Defendant is entitled to a judgment as a matter of

law. Defendant's cross-motion must be granted in its entirety and Plaintiff's cross-motion must be denied in its entirety.

5. Plaintiff was employed as a porter whose job duties required him to work weekends at various times.

6. His workweek was a fixed and regularly recurring period of 168 hours – seven consecutive 24-hour periods. It need not coincide with the calendar week but may begin on any day and at any hour of the day.

7. Plaintiff's established workweek started on Saturday and was fixed. The last day of his workweek was Friday (seven consecutive 24-hour periods).

8. As evidenced by Plaintiff's own deposition testimony and cited in co-defendant's brief, Plaintiff's regular schedule was seven (7) days in a row, off two (2), work three (3), off two (2), work seven (7), off three (3).

9. Plaintiff maintains that from the period February 2009 through December 2011 he was required to work fifty-six (56) hours every other week yet was not paid overtime for any hours worked in excess of forty (40). Defendant disputes this contention.

10. At no time during his employment as a porter for Defendant did Defendant fail to pay Plaintiff overtime for hours worked in excess of forty during a workweek. If there was a time when Plaintiff worked seven consecutive 24-hour periods, it would overlap two separate workweeks, therefore Plaintiff was not entitled to overtime pay pursuant to the FLSA. See Timesheets and Paystubs annexed to hereto as *Exhibit "A"*.

11. Pursuant to the Fair Labor Standards Act ("FLSA"), Plaintiff fails to establish a prima facie case of discriminatory discharge as Plaintiff was not fired by Defendants but rather voluntarily abandoned his employment.

12. Plaintiff, Defendant Santaniello, and Defendant Hollisco employee Patrick Reilly (the "Parties") each individually testified during their depositions that Plaintiff failed to provide Defendant Santaniello a doctor's note and return to work, therefore voluntarily abandoning his employment.

13. Plaintiff testified specifically that he had obtained a doctor's note but never returned to work nor provided the note to the managing agent but rather instead submitted the note to unemployment.

14. The deposition testimony and documentary evidence is abundantly clear that Plaintiff was never fired by Defendants but rather Plaintiff chose not to return to work.

15. Defendant asserts that the fact that Plaintiff's employment was not terminated by the Defendants, therefore there was no adverse employment decision. Plaintiff chose not to return to work, a fact that cannot be genuinely disputed by Plaintiff and is strongly supported by the deposition testimony of Plaintiff, Defendant Santaniello and Defendant Hollisco employee Patrick Reilly.

16. Plaintiff has failed to establish the presence of a genuine dispute let alone produce a scintilla of admissible evidence to support his baseless allegations.

17. Plaintiff's other arguments that (1) he was regarded as/perceived as disabled, (2) his employer perceived him as having Hepatitis, and (3) he was qualified to perform essential functions of his job are irrelevant because Plaintiff did not suffer an adverse employment action resulting from an alleged perception that he had Hepatitis.

18. Plaintiff was not fired because he may have had Hepatitis or because he was perceived to have Hepatitis rather he chose not provide management with a doctor's note confirming he was fit and able to return to work fulltime, therefore voluntarily abandoning his employment. Accordingly, Defendant's cross-motion for summary judgment must be granted.

19. Additionally, it must be noted that contrary to Plaintiff's assertion, Defendant Hollisco is not relying on the determination of the Unemployment Insurance Board but rather utilizing the decision as further evidence that Plaintiff was not terminated by the Defendants but rather chose not to return to work. After a full Unemployment Insurance Board investigation, which upon information and belief included a deposition of Plaintiff, the Board concluded that Plaintiff "quit his job without good cause".

20. Accordingly, for the reasons set forth herein and the exhibits attached hereto, the accompanying Memorandum of Law, and Defendant's underlying motion papers, it is respectfully requested that the Court issue an order granting Defendant's cross-motion for summary judgment in its entirety and denying Plaintiff's cross-motion for summary judgment in its entirety.

Dated: New York, New York
       October 22, 2015

                                              Emil A. Samman (ES-8784)