UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOHN LOPEZ,                                    Case No.: 14 Civ. 3738 (JBW)

                        Plaintiff,

    -against-

HOLLISCO OWNERS' CORP., MIDBORO
MANAGEMENT, INC., and JENNIFER SANTANIELLO,
Individually,

                        Defendants.
----------------------------------------X

## DEFENDANT HOLLISCO OWNERS' CORP.'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

KAGAN LUBIC LEPPER
FINKELSTEIN & GOLD, LLP
*Attorneys for Plaintiff*
Emil A. Samman, Esq.
200 Madison Avenue, 24th Floor
New York, New York 10016
esamman@kll-law.com
(212) 252-0300

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................ii

PRELIMINARY STATEMENT....................................1

BACKGROUND.................................................................1

ARGUMENT.......................................................................2

    A.    PLAINTIFF WAS PROPERLY COMPENSATED FOR TIME WORKED........................2

    B.    PLAINTIFF VOLUNTARILY ABANDONED HIS EMPLOYMENT........................4

    C.    UNEMPLOYMENT INSURANCE BOARD DETERMINATION................7

CONCLUSION....................................................................8

TABLE OF AUTHORITIES

*Cases*

Fountain v. New York State Department of Crrectional Services et al,
190 F.Supp. 2d. 335, 338 (N.D.N.Y. March 11, 2002)..................................................5

Hill v. Coca Cola Bottling Co.,
786 F.2d 550, 553 (2nd Cir. 1986).................................................................................7

In the Matter of the Claim of Normando D. Punzalan v. Commisioner of Labor,
260 A.D. 2d 886 (3rd Dep't. 1999).................................................................................5

Katz v. City Metal Co., Inc.,
87 F.3d 26, 30 (1st Cir. 1996).........................................................................................4

Martinez v. Hilton Hotels Corp.,
930 F.2d 508, 528 (S.D.N.Y. March 15, 2013................................................................2

Mitchell v. New York Transit Authority,
856 F.Supp. 2d 478, 482 (E.D.N.Y. April 2, 2012).......................................................4

Ryan v. Grae & Rybicki, P.C., 135 F.3d 867, 870 (2d Circuit. 1997)..................................4

Williams v. Tri-State Biodiesel, LLC.,
2015 WL 305362 (S.D.N.Y January 23, 2015)..............................................................1

Zheng v. Liberty Apparel Co., Inc., 355 F.3d 61, 78 (2d Circuit. 2003)..............................3

*Other Authorities:*

Fed. R. Civ. P. 56(a)...........................................................................................................1

*29 U.S.C. §201*..................................................................................................................1

New York Labor Law, Articles 6 & 19..............................................................................1

*42 U.S.C. §1201*................................................................................................................1

New York City Administrative Code §8-107.....................................................................1

*29 U.S.C. §207&255*.........................................................................................................3

*NYCRR 142-2.2*................................................................................................................3

*29 CFR §778.105*..............................................................................................................2

*29 U.S.C. §207*..................................................................................................................3

Fed. R. Civ. P. 8(a)(2)..........................................................7

Sherman Anti-Trust Act, §1 as amended 15 U.S.C.A. § 1............11

## I. PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of Defendant Hollisco Owners' Corp.'s ("Hollisco" or "Defendant") in further support of its cross-motion for summary judgment and in opposition to Plaintiff's cross-motion for summary judgment. For the reasons set forth herein and in the Declaration of Emil A. Samman dated October 22, 2015 ("Samman Declaration in Further Support"), the attachments thereto and Defendant's underlying motion papers, it is respectfully submitted that this Court should grant summary judgment in favor of Defendant and deny Plaintiff's cross-motion for summary judgment. Plaintiff's employment was not terminated by Defendants but rather Plaintiff voluntarily abandoned his employment. Additionally, Plaintiff was properly compensated for any hours worked.

As stated in Defendant's underlying memorandum of law, summary judgment is only appropriate in those limited instances where there is no genuine issue of material fact. Rule 56(a) of the Federal Rules of Civil Procedure states that summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant in entitled to judgment as a matter of law." *Williams v. Tri-State Biodiesel*, LLC, 2015 WL 305362 (S.D.N.Y. January 23, 2015). After a review of Plaintiff's brief, it remains clear that there are no genuine issues as to any material fact and that Defendant is entitled to a judgment as a matter of law. For the reasons set forth below, Defendant's cross-motion must be granted in its entirety and Plaintiff's cross-motion must be denied in its entirety.

## II. BACKGROUND

Plaintiff John Lopez ("Plaintiff") filed this suit, complaining that Defendants failed to pay wages due and owed for hours worked in excess of forty (40) hours per workweek in violation of Fair Labor Standards Act (29 U.S.C. §201)("FLSA") and New York State Labor Law, Articles 6 & 19 ("NYLL") and that Defendants violated the Americans with Disabilities Act of 1990 (42 U.S.C. §1201) and the New York City Human Rights Law (New York City Administrative Code §8-107).

Defendant will show that there are no genuine disputes as to any material fact as Plaintiff's employment was never terminated by the Defendants and Defendants did not fail to compensate Plaintiff for his employment in excess of forty (40) hours per week, therefore Defendant is entitled to judgment as a matter of law. For the sake of brevity, the Court is respectfully referred to the Samman Declaration in Further Support and Defendant's underlying motion papers for a more complete recitation of the material facts of this case.

### III. ARGUMENTS
#### A. PLAINTIFF WAS PROPERLY COMPENSATED FOR TIME WORKED

As previously discussed, the standard method of calculating overtime pay for salaried employees under the FLSA is to determine regular hourly rate of pay by dividing salary by number of hours which salary is intended to compensate; employee then receives one and one-half times that regular rate of pay for all hours worked in excess of forty hours per week. *Martinez v. Hilton Hotels Corp.*, 930 F.Supp. 2d 508, 528 (S.D.N.Y. March 15, 2013). An employee's workweek is a fixed and regularly recurring period of 168 hours – seven consecutive 24-hour periods. It need not coincide with the calendar week but may begin on any day and at any hour of the day. Plaintiff does not dispute this contention.

For the purposes of computing pay due under the FLSA, a single workweek may be established for a plant or other establishments as a whole, or different workweeks may be established for different employees or groups of employees. Once the beginning time of an employee's workweek is established, it remains fixed regardless of the schedule of hours worked by the employee (including consecutive hours in excess of 40). 29 CFR §778.105.

Plaintiff's job as a porter required him to work weekends at various times. His established workweek started on Saturday and was fixed. As per the FLSA, Friday would then be the last day of his workweek (seven consecutive 24-hour periods, Saturday through Friday). As evidenced by

Plaintiff's own deposition testimony and cited in co-defendant's brief[1], Plaintiff's regular schedule was seven (7) days in a row, off two (2), work three (3), off two (2), work seven (7), off three (3). Please see a more specific breakdown below:

### Week 1

    Work: Saturday, Sunday, Wednesday, Thursday, Friday
    Off:   Monday and Tuesday

### Week 2

    Work: Monday, Tuesday, Wednesday, Thursday, Friday
    Off:   Saturday and Sunday

Plaintiff maintains that from the period February 2009 through December 2011 he was required to work fifty-six (56) hours every other week yet was not paid overtime for any hours worked in excess of forty (40). Defendant disputes this contention. At no time during his employment as a porter for Defendant did Defendant fail to pay Plaintiff overtime for hours worked in excess of forty during a workweek. If there was a time when Plaintiff worked seven consecutive 24-hour periods, it would overlap two separate workweeks, therefore Plaintiff was not entitled to overtime pay pursuant to the FLSA. See Timesheets and Paystubs from February 2009 through December 2011 annexed to Samman Declaration in Further Support as *Exhibit "A"*.

Plaintiff also seeks unpaid overtime compensation under 12 N.Y.C.R.R. § 142-2.2, which is analogous to an overtime compensation claim under 29 U.S.C. § 207. *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 78 (2d Cir. 2003). Thus Defendant's overtime obligations under New York Law rise and fall depending on the applicability of FLSA. *Williams v. Tri-State Biodiesel, LLC*, 2015 WL 305362 (S.D.N.Y. January 23, 2015).

---

[1] Plaintiff testified in his deposition that his claim for overtime pay is based upon his regular schedule, which required that he work "Seven [days in a row], off two, work three. Off two, work seven, off three. See Plaintiff's deposition transcript Page 9, Lines 10-13, annexed to Defendant's underlying motion papers as *Exhibit "C"*.

As evidenced by Plaintiff's above referenced deposition testimony, Plaintiff fails to allege specific facts and submit any evidence establishing a violation of the FLSA and NYLL regarding overtime therefore summary judgment should be granted dismissing Plaintiff's federal and state overtime claims.

### B.   PLAINTIFF VOLUNTARILY ABANDONED HIS EMPLOYMENT

It is undisputed that to establish prima facie case of discriminatory discharge under the Americans with Disabilities Act, employee must show that: (1) employer is subject to ADA; (2) employee suffers from disability within the meaning of ADA; (3) employee could perform essential job functions of his/her job with or without reasonable accommodation; and (4) employee was fired because of his/her disability. *Ryan v. Grae & Rybicki, P.C.*, 135 F. 3d. 867, 870 (2d Circuit.1997); *Mitchell v. New York Transit Authority*, 856 F.Supp. 2d 478, 482 (E.D.N.Y. April 2, 2012). Defendant argues that Plaintiff has failed to establish a prima facie case of discriminatory discharge as he was never terminated from his employment but rather voluntarily chose not to return to work.

Plaintiff, Defendant Santaniello, and Defendant Hollisco employee Patrick Reilly (the "Parties") each individually testified during their depositions that Plaintiff failed to provide Defendant Santaniello a doctor's note and return to work, therefore voluntarily abandoning his employment. Plaintiff testified specifically that he had obtained a doctor's note but never returned to work nor provided the note to the managing agent but rather instead submitted the note to unemployment.[2]

In order for Plaintiff to establish a prima facie case under the ADA, he must prove that the Defendants discharged him in whole or in part because of his disability or perceived disability. *Katz v. City Metal Co., Inc.*, 87 F.3d 26, 30 (1st Cir. 1996). The deposition testimony and documentary evidence is abundantly clear that Plaintiff was never fired by Defendants.

---

[2] As discussed below at more length, it is important to note that the Unemployment Insurance Board determined that "Plaintiff was disqualified under Section 593.1 of the Unemployment Insurance Law because he quit his job without good cause". See *Exhibit "H"* annexed to Defendant's underlying motion papers.

On or about March 3, 2014, Defendant Santaniello sent Plaintiff a letter requesting that he provide a letter from his doctor clearing him to return to work (See *Exhibit "G"* annexed to Defendant's underlying motion papers). Nowhere in the letter did it state that if Plaintiff had Hepatitis B or C, he could not return to work. Rather it simply requested the doctor advise whether Plaintiff was fit to work full time as a porter. The ADA allows for medical inquiries when necessary to determine whether an employee is still able to perform essential functions of his or her job, or to ascertain whether the employee will pose a direct threat to health and safety in the workplace due to the medical condition. *Fountain v. New York State Department of Correctional Services et al.*, 190 F.Supp. 2d 335,338 (N.D.N.Y. March 11, 2002). Plaintiff, himself, decided not to provide the doctor's note therefore failing to take reasonable steps necessary to protect his employment and abandon his employment. *In the Matter of the Claim of Normando D. Punzalan v. Commissioner of Labor*, 260 A.D. 2d 886 (3rd Dep't 1999)[3]. It cannot be overstated enough that Defendants never terminated Plaintiff's employment but rather Plaintiff chose not to return to work. See below deposition testimony of the Parties:

Plaintiff John Lopez:

    Q.    When you say you didn't get clearance, do you mean you never went to a doctor or Mrs. Santaniello never told you you are allowed to come back?
    A.    No. If I didn't get clearance of Hepatitis B or C I wouldn't be allowed to come back.
    Q.    So you never went to a doctor to get it checked?
    A.    I did go to the doctor and I got a clearance to come back to work, physically fit to work.
    Q.    Did you send that to Miss Santaniello?
    A.    I think I sent it to unemployment.
    Q.    But you never sent it to Miss Santaniello?
    A.    Not that I recall.
    Q.    So you never sent the clearance to Miss Santaniello?
    A.    Not that I recall.
    Q.    At any point in the future after that the immediate future, did you have any further communications with Miss Santaniello or PJ Reilly?
    A.    No. I talked to PJ but not Jennifer, no.
    Q.    Did you relay to PJ that you were not going to come back to work?
    A.    I don't think so. I don't remember really.

---

[3] Even though this cited case is a lower court decision, the facts are exactly on point with the case at bar and Defendant would be remiss if it did not bring it to the Court's attention.

Q. And I know this might be repetitious a little bit but I want to ask it in a more clear manner. At any point were you told no matter what you were not allowed to come back to work?
A. No. (*John Lopez Deposition Testimony, Page 21, lines 12-25; Page 22*) (See *Exhibit "D"* annexed to Defendant's underlying motion papers)

Defendant Jennifer Santaniello:

Q. When you asked John to leave the premises on February 28th, was he terminated at that point?
A. No.
Q. Did he have the option to return to work?
A. Yes.
Q. What did he have to do to return to work?
A. Just get a doctor's note.
Q. Did he ever do that?
A. No.
Q. Did he ever contact you guys?
A. No to my knowledge. (*Jennifer Santanello Deposition Testimony, Page 59, Lines 17-25; Page 60, Lines 1-5; Page 64, Line 25; Page 65, Lines 1-14*)(See *Exhibit "E"* annexed to Defendant's underlying motion papers)

Patrick Reilly:

A. He said, I have the note at home and I will go to the Bronx and I will pick it up and come back. She said, no problem. Come back, get me the note, and you are good to go. He left that day, went to the Bronx, never came back. He never came back to work. That was the last thing. He was never fired, he just left.

A. She didn't say you are fired. I never said I was firing him, he was not fired. He left to go get the information at his house and he never came back. (*Patrick Reilly Deposition Testimony, Page 36, Lines 17-25; Page 44, Lines 5-8*)(See *Exhibit "F"* annexed to Defendant's underlying motion papers)

Defendant asserts that Plaintiff's employment was not terminated by the Defendants, therefore there was no adverse employment decision. Plaintiff chose not to return to work, a fact that cannot be genuinely disputed by Plaintiff and is strongly supported by the deposition testimony of Plaintiff, Defendant Santaniello and Defendant Hollisco employee Patrick Reilly. Plaintiff has failed to establish the presence of a genuine dispute let alone produce a scintilla of admissible evidence to support his baseless allegations.

Plaintiff's other arguments that (1) he was regarded as/perceived as disabled, (2) his employer perceived him as having Hepatitis, and (3) he was qualified to perform essential functions

of his job are irrelevant because Plaintiff did not suffer an adverse employment action resulting from an alleged perception that he had Hepatitis. Plaintiff was not fired because he may have had Hepatitis or because he was perceived to have Hepatitis rather he chose not provide management with a doctor's note confirming he was fit and able to return to work fulltime, therefore voluntarily abandoning his employment. This fact is undisputed. Accordingly, Defendant's cross-motion for summary judgment must be granted.

### C. UNEMPLOYMENT INSURANCE BOARD DETERMINATION

Contrary to Plaintiff's assertion in its Memorandum of Law, Defendant Hollisco is not relying on the determination of the Unemployment Insurance Board but rather utilizing the decision as further evidence that Plaintiff was not terminated by the Defendants but rather chose not to return to work. After a full Unemployment Insurance Board investigation, which upon information and belief, included a deposition of Plaintiff, the Board concluded that Plaintiff "quit his job without good cause." Furthermore, Plaintiff incorrectly cites the case of *Hill v. Coca Cola Bottling Co.*, 786 F.2d 550, 553 (2d Cir. 1986), in which the Court held that "a finding of termination for just cause [ for unemployment insurance purposes] does not necessarily negate a subsequent finding of discrimination." In the case at bar, the Unemployment Insurance Board determined that Plaintiff was not was not terminated which is a requisite element for discriminatory discharge and/or an adverse employment action.

## IV.  CONCLUSION

For the reasons discussed herein, in the Samman Declaration in Further Support and in Defendant's underlying motion papers, it is respectfully requested that an Order should be issued (i) granting Defendant's cross-motion for summary judgment dismissing Plaintiff's complaint in its entirety; (ii) denying Plaintiff's cross-motion for summary judgment in its entirety; and (iii) granting such other and further relief as is deemed just and proper.

KAGAN LUBIC LEPPER
FINKELSTEIN & GOLD, LLP
*Attorneys for Defendant*
*Hollisco Owners' Corp.*

_____
Emil A. Samman, Esq. (ES-8784)
200 Madison Avenue, 24th Floor
New York, New York 10016
esamman@kll-law.com
(212) 252-0300