UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JOHN LOPEZ,                                           :    Docket No. CV 14-3738
                                                      :
             Plaintiff,                         :    **RESPONSE TO**
                                                      :    **PLAINTIFF'S COUNTER-**
  -  against –                                      :    **STATEMENT OF MATERIAL**
                                                      :    **FACTS PURSUANT TO**
HOLLISCO OWNERS' CORP.,                               :    **RULE 56.1**
MIDBORO MANAGEMENT, INC. and                          :
JENNIFER SANTANIELLO,                                 :
                                                      :
             Defendants.                        :
-------------------------------------------------------X

Defendant Hollisco Owners' Corp. ("Hollisco" or "Defendant") submits this Response to John Lopez' ("Plaintiff") Counter Statement of Material Facts submitted in support of his cross-motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

1.   Admit.

2.   Admit.

3.   Dispute, as Plaintiff has not submitted any documentation verifying his testimony.

4.   Dispute and refer to Plaintiff's Exhibit "B", p. 36, lines 22-25.

5.   Dispute and refer to Plaintiff's Exhibit "B", p. 36, lines 22-25.

6.   Dispute and refer to Plaintiff's Exhibit "B", p. 37, lines 3-22.

7.   Admit.

8.   Dispute and refer to Plaintiff's Exhibit "B", p. 37, lines 6-12.

9.   Admit.

10.  Admit that Plaintiff left.

11. Admit.

12. Admit.

13. Admit.

14. Dispute and refer the Court to the entire text of the quote in the citation.

15. Dispute as this is a question of law and refer to the Defendants' memorandums of law.

16. Admit.

17. Admit.

18. Admit.

19. Dispute as the text of the letter provides that it is being sent on behalf of both Defendants.

20. Dispute and refer the Court to the entire text of the letter for its interpretation.

21. Dispute as Plaintiff stated that he had such a note at home. Plaintiff's Exhibit B, p. 39, line 2-6.

22. Dispute and refer the Court to the entire text of the referenced letter for its interpretation and further state that same was sent on behalf of both Defendants.

23. Admit.

24. Admit.

25. Dispute and refer the Court to the entire text of Santaniello's testimony for its interpretation.

26. Admit, but aver that Santaniello testified that no other employee approached her stating that they have any medical condition. Plaintiff's Exhibit B, p. 60-1, Lines 24-5 and 2.

27. Admit.

28. Admit.

29. Admit.

30. Admit that these are among the tools used by handymen and porters. Plaintiff's Exhibit B, p. 14, Lines 20-25; p. 15, Lines 20-22; p. 16, Lines 11-13

31. Admit.

32. Dispute and refer the Court to the entire text of Santaniello's testimony for its interpretation, which does not include parentheticals that assume testimony.

33. Admit.

34. Dispute the use of the word "boss". Reilly was employed by Defendant Hollisco but his direct supervisor was Defendant Santaniello. Plaintiff's Exhibit B, p. 11, Lines 4-6; p. 12, Lines 15-22; p. 33, Lines 5-8.

35. Dispute. Citation provided deals with an incident that took place prior to Santaniello's employment. Plaintiff's Exhibit A, p. 46, Lines 6-12. Moreover, Plaintiff testified that he "never had to go to the office." Plaintiff's Exhibit A, p. 59, Line 20.

36. Dispute. Citation provided deals with an incident that took place prior to Santaniello's employment. Plaintiff's Exhibit A, p. 46, Lines 6-12. Also see, Plaintiff's Exhibit C, p. 20, Line 20; Plaintiff's Exhibit B, p. 20, Lines 5-7.

37. Dispute. Citation provided deals with an incident that took place prior to Santaniello's employment. Plaintiff's Exhibit A, p. 46, Lines 6-12. Also see, Plaintiff's Exhibit C, p. 20, Line 20; Plaintiff's Exhibit B, p. 20, Lines 4-7.

38. Dispute. Plaintiff's wages were paid by Defendant Midboro from Defendant Hollisco's account. See, Santaniello Reply Affidavit and Exhibit M annexed thereto.

39. Dispute. See, Santaniello Reply Affidavit and Exhibit M annexed thereto.

40. Admit.

41. Dispute. As the document makes clear, Hollisco was the employer and Santaniello executed same as Hollisco's agent.

42. Dispute. Plaintiff's Exhibit B, p. 61 Lines 9-15. Plaintiff's regularly scheduled workweek during this period of time was from Wednesday through Sunday every other week, and from Monday through Friday every other week.

43. Admit.

44. Dispute. Plaintiff's Exhibit B, p. 61 Lines 9-15.

45. Dispute. Plaintiff's Exhibit B, p. 61 Lines 9-15. Plaintiff's regularly scheduled workweek during this period of time was from Wednesday through Sunday every other week, and from Monday through Friday every other week.

46. Dispute. Plaintiff's Exhibit B, p. 8, Line 18.

{00197265;1}

47.   Dispute. Plaintiff's Exhibit B, p. 8, Line 18.

Dated: New York, New York
       October 23, 2015

                                    KAGAN LUBIC LEPPER
                                    FINKELSTEIN & GOLD LLP

By:   _____
            Emil A. Samman
            *Attorneys for Hollisco Owners' Corp.*
            200 Madison Avenue, 24th Floor
            New York, New York 10016
            (212) 252-0300